# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **BRANDON DEGRAFFENREID and NATYRA BAKALLI,** <br><br> Plaintiffs, <br><br> v. <br><br> **MERRICK GARLAND, U.S. Attorney General; et al.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-cv-00054-JNP-JCB <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiffs Brandon Degraffenreid and Natyra Bakalli's ("Ms. Bakalli") (collectively, "Plaintiffs") motion to seal and for protective order.[2] Based upon the analysis set forth below, the court denies Plaintiffs' motion.

## INTRODUCTION

Plaintiffs' complaint in this case sought to compel Defendants to adjudicate an immigration petition and an immigration application for Ms. Bakalli.[3] Plaintiffs later voluntarily dismissed this case because Defendants approved the petition and the application.[4]

---

[1] ECF No. 16.

[2] ECF No. 15.

[3] ECF No. 1.

[4] ECF No. 14.

Because this is an immigration case, Fed. R. Civ. P. 5.2(c)(2) provides limitations on nonparty remote electronic access to case documents. Although Rule 5.2(c)(2) permits a nonparty to "have electronic access to the full record at the courthouse," a nonparty "may have remote electronic access only to: (A) the docket maintained by the court; and (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record."[5] In the motion before the court, Plaintiffs contend that, despite Rule 5.2(c)(2)'s limitations, "[n]on[]parties purportedly have full access and availability to *all* court documents associated with this case through a third-party website, pacermonitor.com, and other third-party websites."[6] Plaintiffs assert that Ms. Bakalli "has lost employment opportunities as a result" of that nonparty remote electronic access because she "is now employed in a field that heavily scrutinizes the appearance of prior legal action, even action that has nothing to do with her career."[7] Consequently, Plaintiffs request that the court to seal this case.

Additionally, Plaintiffs request that the court issue a protective order under Rule 5.2(e), which provides that "[f]or good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court."[8] Plaintiffs ask the court to enter an order: (1) requiring redaction of their names from all documents in this case; and (2) prohibiting or limiting nonparties' remote electronic access to all documents in this case.

---

[5] Fed. R. Civ. P. 5.2(c)(2)(A)-(B).

[6] ECF No. 15 at 2 (emphasis in original).

[7] *Id*.

[8] Fed. R. Civ. P. 5.2(e)(1)-(2).

Based upon the following analysis, the court denies Plaintiffs' request to seal this case and request for a protective order. Each request is addressed in order below.

### ANALYSIS

**I.    The Court Denies Plaintiffs' Request to Seal This Case.**

The court denies Plaintiffs' request to seal this case because they have not carried the heavy burden that must be satisfied to grant their request. Although "[c]ourts have long recognized a common-law right of access to judicial records," that right "is not absolute."[9] "[T]he presumption in favor of access to judicial records may be overcome where 'countervailing interests heavily outweigh the public interests in access.'"[10] "'The party seeking to overcome the presumption' of public access to the documents 'bears the burden of showing some significant interest that outweighs the presumption.'"[11] More specifically, to succeed on a motion to seal a case, the party moving to seal "'must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'"[12] In resolving a motion to seal a case, the court must "'weigh the interests of the public, which are presumptively paramount, against those advanced by the

---

[9] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[10] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quoting *Mann*, 477 F.3d at 1149).

[11] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann*, 477 F.3d at 1149).

[12] *Colony Ins. Co.*, 698 F.3d at 1242 (quoting *Helm*, 656 F.3d at 1292).

parties.'"¹³ The United States Court of Appeals for the Tenth Circuit has stated that a party seeking to seal a case carries a "'heavy burden.'"¹⁴

Plaintiffs' only support for their request to seal this case is the conclusory assertion that Ms. Bakalli has "lost employment opportunities as a result" of nonparties' remote electronic access to documents in this case.¹⁵ The court questions this conclusory assertion both because it lacks any evidentiary support and because the court was unable to access any documents in this case on pacermonitor.com,¹⁶ which is the website Plaintiffs contend makes all such documents "purportedly" available, in addition to "other," unidentified "third-party websites."¹⁷ These unsubstantiated assertions of access—to say nothing of whether they actually caused Ms. Bakalli's loss of employment opportunities—cannot justify the request Plaintiffs make here. Accordingly, the court denies Plaintiffs' request to seal this case.

## II.     The Court Denies Plaintiffs' Request for a Protective Order.

The court also denies Plaintiffs' request under Rule 5.2(e): (1) requiring redaction of their names from all documents in this case; and (2) prohibiting or limiting nonparties' remote electronic access to all documents in this case. First, the court denies Plaintiffs' request to redact their names from all documents in this case because they have not shown good cause under Rule 5.2(e)(1). In support of their request, Plaintiffs rely upon the same conclusory assertion

---

¹³ *Helm*, 656 F.3d at 1292 (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

¹⁴ *Colony Ins. Co.*, 698 F.3d at 1242 (quoting *Helm*, 656 F.3d at 1293).

¹⁵ ECF No. 15 at 2.

¹⁶ https://www.pacermonitor.com/public/case/47531993/DeGraffenreid_et_al_v_Garland_et_al (providing that "[t]his case is not available") (last visited Mar. 6, 2025).

¹⁷ ECF No. 15 at 2.

concerning Ms. Bakalli's lost employment opportunities. Consistent with the conclusion above, the court is not persuaded.[18] Therefore, the court denies Plaintiffs' request.

Second, the court denies Plaintiffs' request for an order prohibiting or limiting nonparties' remote electronic access to all documents in this case because Plaintiffs have not demonstrated good cause under Rule 5.2(e)(2). Again, Plaintiffs have not shown that this access is actually occurring, much less that it is significant enough to warrant the relief they request.[19] Accordingly, the court denies Plaintiffs' request.

## ORDER

For the reasons stated above, the court HEREBY ORDERS that Plaintiffs' motion to seal and for protective order[20] is DENIED.

IT IS SO ORDERED.

DATED this 6th day of March 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] *Buster v. Bd. of Cnty. Comm'rs for Lincoln Cnty.*, No. 21-CV-1208 CG/SMV, 2022 WL 1689387, at *1 (D.N.M. May 26, 2022) (providing that "[t]he purpose of Rule 5.2 is to 'to protect privacy and security concerns' of individuals," and "[g]ood cause for redaction under Rule 5.2(e)(1) exists when a party's privacy and security concerns outweigh the public interest in access to judicial records" (quoting Fed. R. Civ. P. 5.2 advisory committee's note) (other quotations and citation omitted)).

[19] *New England Life Ins. Co. v. Wilson*, No. 2:11-CV-45, 2011 WL 13214116, at *3 (D. Vt. Sept. 28, 2011) (providing that the "good cause standard" under Rule 5.2(e)(2) "is satisfied by a showing that disclosure will cause a clearly defined, serious injury, substantiated by specific examples or articulated reasoning").

[20] ECF No. 15.